**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LAUREL LEIGH KROTZINGER,**

    **Petitioner,**

**vs.**                                                              **Case No. 4:10cv214-MP/WCS**

**UNITED STATES DISTRICT COURT,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner Krotzinger, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. She was incarcerated in this district at the time the petition was filed, doc. 1, p. 1, though she has since been transferred to Texas. Doc. 1, p. 1; doc. 7.

An order to show cause was entered, discussing the apparent lack of merit to Petitioner's claims. Doc. 5 (much of which is reiterated here). Petitioner filed a response, which essentially repeats the allegations of the petition. Doc. 6.

Petitioner is in custody pursuant to the judgment of the Southern District of Iowa, case number 4:04cr307, and seeks credit against her sentence for time spent in a drug treatment facility from December 29, 2004, to January 26, 2005, and for time spent in a halfway house from January 27, 2005, to January 13, 2006 (the date of sentencing).

Doc. 1, pp. 3-4; doc. 5, p. 1; doc. 6, pp. 1-2. Petitioner claims her plea hearing and sentencing were both rescheduled, thus extending her time in the treatment facility and halfway house. Doc. 1, pp. 4-5; doc. 6, p. 2 and attached affidavit. She claims she suffered restraints on her liberty while in court-ordered drug treatment and confinement at a halfway house, which were similar or identical to conditions of incarceration and official detention. Doc. 1, pp. 3-4; doc. 6, pp. 2-3 and attached affidavit.

Petitioner alleges she exhausted administrative remedies with the Bureau of Prisons. Doc. 1, p. 3; doc. 6, p. 3 and Ex. B.

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." As relevant here, a defendant is entitled to sentence credit "for any time [s]he has spent in *official detention* prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." § 3585(b) (emphasis added); Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 2024, 132 L.Ed.2d 46 (1995) (quoting this language with added emphasis).

In Reno, Court agreed that "the phrase 'official detention' in § 3585(b) refers to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement." 515 U.S. at 56, 115 S.Ct. at 2024-25. A defendant awaiting trial or awaiting imposition or execution of sentence may either be "released," subject to a variety of conditions including placement in a treatment center, or "detained" without bail pursuant to a detention order. *Id.*, at 57-58, 115 S.Ct. at 2025 (citations omitted).

The Court found reasonable the BOP's interpretation of "official detention" under § 3585(b) to require credit for time a defendant spent under a detention order, but not for time spent under a release order, "*no matter how restrictive the conditions*" of release. *Id.*, at 60, 115 S.Ct. at 2026-27 (emphasis added, footnote omitted).

The docket of Petitioner's criminal case is available in PACER (Public Access to Electronic Records).[1]  Prior to sentencing in United States v. Krotzinger, case 4:04cr307-JEG-RAW in the Southern District of Iowa, Petitioner was "released" to treatment at the Iowa Residential Inpatient Drug Treatment Center (IRTC), and later "released" to a halfway house.  Docs. 23 and 40 in that case.  This is confirmed by the response to Petitioner's administrative remedy appeal, reflecting that Petitioner was "released to Pretrial Services supervision with a special condition to participate in inpatient drug treatment" on December 29, 2004; and on January 26, 2005, was "successfully discharged from treatment" with a requirement "to reside at CH INC.," until sentencing.  Doc. 6, Ex. B (p. 13 of doc. 6 as scanned in ECF) (Electronic Case Filing).

The § 2241 petition should be summarily dismissed as Petitioner is not entitled to credit under § 3585(b) as interpreted in Reno.  Petitioner's response to the show cause order does not change the analysis, and the cases relied on (doc. 6, p. 3) were decided before the Supreme Court's ruling in Reno.

Finally, Petitioner alleges in the petition, "I was not made aware that my time spent in court ordered halfway house would not be credited to my sentence."  Doc. 1, p. 4.  No specifics are alleged and there is no argument as to why this would entitle

---

[1] Petitioner supplies a copy of docs. 57, 87, and an excerpt of the docket in that case.  Doc. 6, Ex. A (pp. 7-11 in ECF).

Petitioner to relief. Petitioner states by affidavit (attached to response to show cause order) that she was never told that the time in drug treatment or the halfway house would not be credited, and claims that if she had known she would have asked to be put back in jail. Doc. 6, attached affidavit. She claims at the plea hearing on April 28, 2005, the prosecutor wanted her in jail and her attorney argued for placement in the halfway house, but "[t]he prosecutor stated she wanted me to be in-custody. The Judge stated that he considered the halfway house to be in-custody." *Id.*, attached affidavit (pp. 1-2 of affidavit; pp. 4-5 in ECF).

Whether or not the trial court considered Petitioner's placement to be sufficiently "in custody" for purposes of release pending sentencing does not, however, change the legal status of Petitioner's "release" to a halfway house for § 3585(b) purposes. *Cf.*, Rodriguez v. Lamer, 60 F.3d 745, 749 (11th Cir. 1995) (discussing the "genuine legal distinction" between the person "released" to home confinement and the person who may satisfy an imposed term of imprisonment by home confinement) (relying on Reno, rejecting equal protection challenge to different treatment). *See also* Cucciniello v. Keller, 137 F.3d 721, 724-72 (2nd Cir. 1998) (due process does not require notice to detainee that the time spent released to home confinement will not be credited against subsequently imposed sentence).

It plainly appears that Petitioner is not entitled to any relief from this court, and it is therefore respectfully **RECOMMENDED** that this § 2241 proceeding be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida on December 8, 2010.

  s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**