IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAUREL LEIGH KROTZINGER,

    Petitioner,

v.                                               CASE NO. 4:10-cv-00214-MP-WCS

US DISTRICT COURT,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 10, Report and Recommendation of the Magistrate Judge, recommending that the § 2241 petition be dismissed in this case. The plaintiff filed objections, Doc. 11, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objection was made. 28 U.S.C. § 636(b)(1)(C).  The Court agrees with the Magistrate Judge that the time petitioner spent in a drug treatment facility and in a halfway house prior to her sentencing cannot be considered time in "official detention" under 18 U.S.C. § 3585(b).  That section provides:

> (b)  Credit for Prior Custody.— A defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences...

The Supreme Court has expressly considered and rejected the petitioner's argument in <u>Reno v. Koray</u>, 515 U.S. 50, 115 S.Ct. 2021 (1995), holding that time spent by prisoner at community treatment center while "released" on bail pursuant to Bail Reform Act was not "official detention" within meaning of statute entitling defendant to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

commences". Id. at 54. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is accepted and incorporated herein.

2. The petition under 28 U.S.C. § 2241 is denied, and the Clerk is directed to close the file.

**DONE AND ORDERED** this *22nd* day of June, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge